IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS H. FUTCH,

          Plaintiff,

v.

CAPITAL VIEW RESTAURANT
GROUP, INC. and TED L.
GRIFFIN,

          Defendants.

1:15-cv-4003-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Thomas H. Futch's ("Plaintiff") Motion for Leave to Serve Defendant Capital View Restaurant Group, Inc. Via Alternative Method [3] (the "Motion").

Plaintiff asserts that Defendant Capital View Restaurant Group, Inc. ("CVRG") is a Georgia corporation, and its registered agent for service of process is Mr. Christian Johnson, whose address is listed as 1400 McPherson Avenue, Southeast, Atlanta, Georgia 303016 (the "McPherson Address"). (Mot. ¶ 2). Plaintiff engaged a process server to serve the Complaint [1] and Summons [2] on Mr. Johnson at the McPherson Address. (Id. ¶ 3). On December 1, 2015, the process server attempted to serve Mr. Johnson, but was told by the occupants of

the home that they rented the home from Mr. Johnson, and they believed he resides in Naples, Florida.  (Id. ¶ 4).

Plaintiff requests leave to serve CVRG by alternative means, specifically the means provided by O.C.G.A. § 14-2-504.  O.C.G.A. § 14-2-504 states that if "a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office."  O.C.G.A. § 14-2-504(b).

Plaintiff has submitted evidence of only a single attempt to serve Mr. Johnson at the McPherson Address.  Plaintiff has not submitted any evidence that Mr. Johnson "cannot with reasonable diligence be served."  See id.  The process server learned that Mr. Johnson resides in Naples Florida.  Plaintiff has not conducted any investigation concerning Mr. Johnson's Florida address, and has not made any attempt to serve Mr. Johnson in Florida.  A single attempt to serve Mr. Johnson, without more, cannot be described as "reasonable diligence."  The Court requires reasonable, diligent, and creative means to personally serve CVRG to ensure due process is afforded it in this proceeding.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Serve Defendant Capital View Restaurant Group, Inc. Via Alternative Method [3] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have up to January 22, 2016, to personally serve Mr. Johnson without prejudice to Plaintiff's right to move again to serve by alternative means if Plaintiff believes he can show that, after reasonable diligence, he cannot serve Mr. Johnson.

**SO ORDERED** this 22nd day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE